IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KRISTOPHER DUQUESNE (#0565-20), § § § | |
| Plaintiff, § § | |
| V. § | No. 3:20-cv-700-N-BN |
| § § | |
| CHARLES E. EDGE and CORRECT CARE SOLUTIONS, § § § § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kristopher Duquesne, an inmate at the Wayne McCollum Detention Center, in Ellis County, brings this *pro se* action under 42 U.S.C. § 1983, challenging grievance procedures at the jail. *See* Dkt. No. 3. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss Duquesne's lawsuit with prejudice for failure to state a claim on which relief may be granted.

Where a prisoner – whether he is incarcerated or detained prior to trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The language of this statute – as well as its sister

statute, Section 1915(e)(2)(B) – "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Dismissal for failure to state a claim therefore "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. Plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contends entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, i.e., "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

Here, Duquesne alleges that the grievance procedures at the jail are unconstitutional:

> Under the administration of Sheriff Charges E. Edge in cooperation with Correct Care Solutions, through the unconstitutional policy and procedure of Ellis County Sheriff's Office in violation of fifth

>  amendment, eighth, and fourteenth amendment civil rights to "due process of law" and "cruel and unusual" punishment wherein I have been denied urgent medical care with no available administrative remedies under the unconstitutional grievance procedure (see attached exhibit [an excerpt from a document titled Ellis County Inmate Rules and Regulations]) thereby causing unnecessary pain and suffering and violating fifth and eighth amendment rights.

*E.g.,* Dkt. No. 3 at 4; *see also id.* at 5-6.

While Duquesne mentions that he was "denied urgent medical care," he does not attempt to allege facts to show (or from which the Court may infer) that he was denied medical care or, if he was, that any denial could support a claim that an official or employee at the jail acted with deliberate indifference such as to cause the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.)); *see also Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) ("Deliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386, 392 (5th Cir. 1992)))).

Instead, Duquesne challenges the jail's actual grievance procedures as unconstitutional. But that claim is not plausible.

The United States Court of Appeals for the Fifth Circuit has held that inmates do not have a constitutionally-protected interest in having grievances resolved to their satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam)

("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding that the plaintiff had no actionable 42 U.S.C. § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances); *Lijadu v. I.N.S.*, Civ. A. No. 06-0518, 2007 WL 837285, at *3 (W.D. La. Feb. 21, 2007) ("[D]etainees do not have a constitutionally protected right to a grievance procedure – much less one that complies with their own personal preferences." (citation and internal quotation marks omitted)).

A prison system is not required to establish grievance procedures, and the failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of an actionable constitutional claim. *See* 42 U.S.C. § 1997e(b); *see also Archie v. May*, Civ. No. 13-3185, 2014 WL 993506, at *3 & n.1 (W.D. La. Mar. 13, 2014) (collecting cases). Accordingly, inmates have no basis for a civil rights lawsuit simply because they are unhappy with grievance procedures. *See id.*

The Court should therefore dismiss Duquesne's complaint with prejudice, as allowing him to amend the grievance claim would be futile. *See, e.g., Cornett v. Edge*, No. 3:20-cv-89-M-BN, 2020 WL 890387 (N.D. Tex. Jan. 16, 2020), *rec. adopted*, 2020 WL 888535 (N.D. Tex. Feb. 24, 2020) (dismissing with prejudice an almost identical lawsuit by another Ellis County inmate).

**Recommendation**

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 27, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE